UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LAMONTE R. YOUNG SR.,

    Plaintiff,

        v.             Case No. 3:22-cv-00229-JPG

PROGRESSIVE TREATMENT
SOLUTIONS,

    Defendants.

## MEMORANDUM AND ORDER

### I.    Introduction

This matter comes before the Court on three motions on behalf of Plaintiff LaMonte R. Young Sr. ("Plaintiff"). Plaintiff filed his complaint on February 9, 2022. Shortly thereafter he filed a motion for leave to proceed in *forma pauperis* (Doc. 3), and a motion for recruitment of counsel (Doc. 5).

### II.    Analysis

#### a.    Motion for leave to proceed *in forma pauperis*

Regarding Plaintiff's motion to proceed *in forma pauperis*, the Court finds that Plaintiff cannot pay the expenses of litigation and be able to provide himself and his "dependents with the necessities of life." 47 CFR § 1.224 (b). The Court **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 3).

#### b.    Motion for Recruitment of Counsel

Upon review, the Court finds that the complexities of this case exceed Plaintiff's abilities to competently litigate this action *pro se*. *See Perez v. Fenoglio*, 792 F.3d 768, 784 (7th Cir. 2015); *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). The Court notes Plaintiff has shown that he tried to obtain counsel on his own. Moreover, given the current posture of this case and

the potential complexity of the employment issues, the difficulty of this case may exceed Plaintiff's ability to "coherently present it to the judge or jury himself." *See Pruitt*, 503 F.3d at 655. Accordingly, Plaintiff's Motion for recruitment of counsel (Doc. 5) is **GRANTED**.

**IT IS HEREBY ORDERED** that, for the reasons stated, and in accordance with 28 U.S.C. § 1915(e)(1) and Local Rule(s) 83.1(i) and 83.9(b), attorney Megan Rose Braden of Morgan, Lewis & Bockius, LLP, is **ASSIGNED** to represent Plaintiff in this employment discrimination case.  On or before March 9, 2022, assigned counsel shall enter his/her appearance in this case. Attorney Braden is free to share responsibilities with an associate who is also admitted to practice in this district court.  Assigned counsel, however, must enter the case and shall make first contact with Plaintiff, explaining that an associate may also be working on the case.  Plaintiff should wait for his attorney to contact him in order to allow counsel an opportunity to review the court file.

The Clerk of Court is **DIRECTED** to transmit this Order and copies of the docket sheet and Docs. 2 and 7 to attorney Braden.  The electronic case file is available through the CM-ECF system.

Now that counsel has been assigned, Plaintiff <u>shall not</u> personally file anything in this case, except a pleading that asks that he be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will appoint other counsel to represent Plaintiff.

**IT IS FURTHER ORDERED** that, on or before March 25, 2022, Plaintiff, by and through counsel, shall file an amended complaint.  The amended complaint will then undergo preliminary review. If an amended pleading is not filed, the case shall proceed on the present complaint. After the amended complaint is filed, the Court will review Plaintiff's Motion for service at the government's expense.

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures.

Plaintiff and his counsel are **ADVISED** that because Plaintiff is proceeding *in forma pauperis*, if there is a monetary recovery in this case (either by verdict or settlement), any unpaid out-of-pocket costs must be paid from the proceeds. *See* SDIL-LR 3.1(c)(1). If there is no recovery in the case (or the costs exceed any recovery), the Court has the discretion to reimburse expenses.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses, as funds are available. The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement. Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived. *See* SDIL-LR 83.13. The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. The Court has no authority to pay attorney's fees in this case. No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed. Counsel may be reimbursed for PACER fees for this case.

### III. Conclusion

The Court hereby:

- GRANTS Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 3);
- GRANTS Plaintiff's Motion for Recruitment of Counsel (Doc. 5);
- ORDERS attorney Megan Rose Braden of Morgan, Lewis & Bockius, LLP, is ASSIGNED to represent Plaintiff in this case;

- ORDERS that Plaintiff, through assigned counsel, shall file an amended complaint by March 25, 2022.

**IT IS SO ORDERED.**
**Dated: February 23, 2022**

/s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**