UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LAMONTE R. YOUNG SR.,

    Plaintiff,

    v.

PROGRESSIVE TREATMENT
SOLUTIONS,

    Defendant.

Case No. 3:22-cv-00229-JPG

**MEMORANDUM AND ORDER**

**I.    Motion to Withdraw**

The ABA Model Rules of Professional Conduct provide that an attorney may withdraw from a case if "good cause for withdrawal exists." *See Fid. Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, 310 F.3d 537, 540 (7th Cir. 2002) (citing Model Rules of Professional Conduct, Rule 1.16(b)(7)). Counsel is notified that Local Rule 83.11 requires an actual conflict in order to show "good cause" and reminds counsel of the rules for future possible court appointments.

Nonetheless, counsel's motion is **GRANTED** and Megan Braden is WITHDRAWN (Doc. 9). The Court **DIRECTS** the Clerk to terminate counsel Braden from this case.

**II.    Motion for Recruitment of Counsel**

This Court has already found that the complexities of this case exceed Plaintiff's abilities to competently litigated this action *pro se*.

The Court hereby **ASSIGNS** J. Hayes Ryan of Gordon & Rees LLP to represent Plaintiff in this employment discrimination case. On or before March 21, 2022, assigned counsel shall enter his appearance in this case. Attorney Ryan is free to share responsibilities with an associate

who is also admitted to practice in this district. Assigned counsel, however, must enter the case and shall make first contact with Plaintiff, explaining that an associate may also be working on the case. Plaintiff should wait for his attorney to contact him in order to allow counsel an opportunity to review the court file.

The Clerk of Court is **DIRECTED** to transmit this Order and copies of the docket sheet and Docs. 2 and 7 to attorney Ryan. The electronic case file is available through the CM-ECF system.

Now that counsel has been assigned, Plaintiff shall not personally file anything in this case, except a pleading that asks that he be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will appoint other counsel to represent Plaintiff.

**IT IS FURTHER ORDERED** that, on or before April 6, 2022, Plaintiff, by and through counsel, shall file an amended complaint. The amended complaint will then undergo preliminary review. If an amended pleading is not filed, the case shall proceed on the present complaint. After the amended complaint is filed, the Court will review Plaintiff's Motion for service at the government's expense.

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding pro bono case procedures.

Plaintiff and his counsel are **ADVISED** that because Plaintiff is proceeding in forma pauperis, if there is a monetary recovery in this case (either by verdict or settlement), any unpaid out-of-pocket costs must be paid from the proceeds. *See* SDIL-LR 3.1(c)(1). If there is no recovery in the case (or the costs exceed any recovery), the Court has the discretion to reimburse expenses.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of pro bono counsel's out-of-pocket expenses, as funds are available. The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement. Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived. *See* SDIL-LR 83.13. The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. The Court has no authority to pay attorney's fees in this case. No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed. Counsel may be reimbursed for PACER fees for this case.

### III.     Magistrate Judge Consent

Plaintiff, through counsel, shall have 21 days after entry of new counsel's appearance to file Notice and Consent to Proceed Before A Magistrate Judge Jurisdiction Form: Pursuant to Administrative Order No. 257 (Doc. 6).

### IV.     Conclusion

The Court hereby:

- **GRANTS** Counsel Megan Braden's Motion to Withdraw (Doc. 9);
- **DIRECTS** the Clerk of the Court to Terminate Counsel Braden;
- **ORDERS** attorney J. Hayes Ryan of Gordon & Rees LLP, is **ASSIGNED** to represent Plaintiff in this case;
- **ORDERS** that Plaintiff, through assigned counsel, shall file an amended complaint by April 4, 2022;

- **ORDERS** Plaintiff to file the Notice and Consent to Proceed Before A Magistrate Judge Jurisdiction Form (Doc. 6) on or before 21 days after entry of new counsel's appearance.

**IT IS SO ORDERED.**
**Dated: March 7, 2022**

/s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
