IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LAMONTE R. YOUNG, SR., )
)
    Plaintiff, )  Case No.: 3:22-cv-229-JPG
)
v. )  Judge John Phil Gilbert
)
PROGRESSIVE TREATMENT SOLUTIONS, LLC, )
)
    Defendant. )

**PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff, LAMONTE R. YOUNG, SR., ("Plaintiff"), by his attorneys, J. Hayes Ryan and Katherine P. Decker of Gordon Rees Scully Mansukhani, LLP, for his Amended Complaint against Defendant, PROGRESSIVE TREATMENT SOLUTIONS, LLC ("PTS" or "Defendant"), states as follows:

**Nature of the Action**

1.  Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 USC §§ 2000e, *et seq.* and 42 U.S.C. § 1981 ("Section 1981"), stating claims of race discrimination and retaliation, as well as pursuant to Sections 15(a) and 15(b) of the Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq*.

**Jurisdiction & Venue**

2.  This Court has subject matter jurisdiction over the federal claims based on federal question jurisdiction, 28 USC §§ 1331, 1343(a), inasmuch as they arise under 42 U.S.C. §§ 1981, 2000e.

3.  This Court has supplemental jurisdiction over all other claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the claims in this action within original jurisdiction that they form part of the same case or controversy under Article III of the United States

1

Constitution.

4. This Court is the proper venue pursuant to 29 U.S.C. § 1391(b) because Plaintiff worked for Defendant at its facility located in Palatine, Illinois, which is located within the Southern District of Illinois and the events giving rise to this action occurred within the Southern District of Illinois.

## Parties

5. Plaintiff is an individual who resides in the State of Illinois.

6. Plaintiff is a member of a protected class due to his race, black.

7. Defendant is an Illinois limited liability company that operates out of a facility located at 4811 Emerson Avenue, Suite 211, Palatine, Illinois 60067.

8. At all times relevant herein, Defendant has been engaged in an industry affecting commerce and has had at least fifteen employees.

9. At all times relevant herein, Defendant was Plaintiff's employer.

10. At all times relevant here, Defendant acted through its agents and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## General Allegations

11. Plaintiff began his employment with Defendant on or about September 26, 2019.

12. Plaintiff worked as a full-time employee for Defendant in the Security and Transport Department.

13. When Plaintiff arrived at and left work for each shift, Defendant required Plaintiff to scan his fingerprints to clock in and clock out.

14. As part of this process, Defendant recorded and stored Plaintiff's fingerprint

biometrics using fingerprint-scanning computer technology.

15. As part of this process, Defendant associated Plaintiff's biometric data with his personal identifying information, such as his name and address.

16. Defendant did not inform in writing either Plaintiff that his biometric data was being recorded, obtained, collected, and/or stored.

17. Defendant did not inform Plaintiff in writing of the specific purpose and length of term for which his biometric data would be collected, stored, and/or used.

18. Defendant did not obtain Plaintiff's written consent to capture, record, collect, obtain, and/or store his biometric data.

19. Defendant did not disclose to Plaintiff or the public its written retention schedule and guidelines for permanently destroying employee biometric data.

20. Defendant did disclose to Plaintiff in writing of the specific purpose and length of term for which it was collecting, storing, and/or using Plaintiff's biometric information.

21. Plaintiff's supervisor was Patrick Jackson ("Jackson"), Defendant's Plant Manager.

22. Plaintiff consistently met Defendant's legitimate job expectations.

23. During his employment with Defendant, Plaintiff was never disciplined.

24. In Plaintiff's performance reviews, Jackson characterized Plaintiff's performance as "good" or "excellent."

25. On May 15, 2021, Jackson called a meeting with all employees working in the Transport Department, including Plaintiff.

26. During this meeting, Jackson directed and/or allowed the employees to use profanity and make threats of violence.

27. During this meeting, another employee threatened Plaintiff with physical violence.

28. Jackson took no action to interfere or stop the threat of violence against Plaintiff.

29. On May 16, 2021, Plaintiff contacted Defendant's General Manager, Andy Halencak ("Halencak"), to make a complaint about Jackson's conduct, treatment of Plaintiff due to his race, and allowance of threats of physical violence. Halencak did not respond to Plaintiff.

30. Upon information and belief, Jackson learned that Plaintiff contacted Halencak to make a complaint.

31. On May 17, 2021, when Plaintiff arrived for his scheduled shift, Jackson met him in the parking lot and terminated Plaintiff.

32. During the conversation in the parking lot, Jackson told Plaintiff he was being terminated for "going outside [Jackson's] protocol" because Plaintiff contacted Halencak to make a complaint.

33. Later that day, Plaintiff again contacted Halencak regarding his complaint and termination. Halencak did not respond to Plaintiff.

34. Defendant claimed Plaintiff violated the "communication protocol" as the pretextual reason for terminating Plaintiff from his employment.

35. Defendant terminated Plaintiff because of his race.

36. Defendant subjected Plaintiff to different terms and conditions of employment than other employees not within his protected class.

37. Another transport department employee that reported to Jackson, Jason (last name unknown), whose race is white/Caucasian, made a complaint to Defendant's Human Resources Department about Jackson. Jason was not terminated after making a complaint.

38. On or about October 25, 2021, Plaintiff timely cross-filed a charge of discrimination (the "Charge") with the Equal Employment Opportunity Commission (the

"EEOC") and the Illinois Department of Human Rights alleging race discrimination and retaliation in violation of Title VII and the Illinois Human Rights Act. A true and accurate copy of the Charge is attached as Exhibit A.

39. On or about November 17, 2021, the EEOC issued Plaintiff the right to sue under Title VII (the "EEOC's Right to Sue"). A true and accurate copy of the EEOC's Right to Sue is attached as Exhibit B. [1]

40. Plaintiff filed his initial Complaint on February 9, 2022, i.e., within ninety (90) days of receipt of the EEOC's Right to Sue. (Doc. 2).

## Count I
## Race Discrimination – Title VII of the Civil Rights Act of 1964

41. Plaintiff incorporates paragraphs 1 through 40 of the Amended Complaint as though fully set forth herein.

42. Title VII prohibits an employer from discriminating against an employee in the terms and conditions of his employment because of his race. 42 U.S.C. § 2000e-2.

43. At all relevant times, Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C. § 2000e(f).

44. At all relevant times herein, Defendant has been an "employer" as defined by Title VII, 42 U.S.C. § 2000e(b).

45. Defendant unlawfully discriminated against Plaintiff due to his race by subjecting him to different terms and conditions of employment.

46. Plaintiff was subjected to adverse employment actions, including but not limited to, termination.

---

[1] Plaintiff has requested but not yet received the right to sue from the Illinois Department of Human Rights for his claims under the Illinois Human Rights Act. Plaintiff reserves the right to amend the complaint upon receipt of the right to sue to include these claims.

47. Defendant treated Plaintiff differently than similarly situated non-black employees.

48. Defendant's actions were motivated by animus towards Plaintiff's race.

49. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of pay, loss of fringe benefits, loss of career opportunities, humiliation and embarrassment, mental anguish and emotional distress, and loss of professional reputation and loss of ordinary pleasures of everyday life, including the right to pursue the gainful occupation of choice.

## Count II
## Retaliation – Title VII of the Civil Rights Act of 1964

50. Plaintiff incorporates paragraphs 1 through 49 of the Amended Complaint as though fully set forth herein.

51. Title VII prohibits an employer from retaliating against an employee because he complained about illegal discrimination in the workplace. 42 U.S.C. § 2000e-3.

52. Plaintiff engaged in a protected activity by contacting human resources to make a complaint.

53. Defendant retaliated against Plaintiff by terminating his employment because he made a complaint.

54. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of pay, loss of fringe benefits, loss of career opportunities, humiliation and embarrassment, mental anguish and emotional distress, and loss of professional reputation and loss of ordinary pleasures of everyday life, including the right to pursue the gainful occupation of choice.

## Count III
## Discrimination – Section 1981

55. Plaintiff incorporates paragraphs 1 through 54 of the Amended Complaint as though fully set forth herein.

56. Section 1981 provides that every person in the United States has the same rights to make and enforce contracts, including a contract of employment, as is enjoyed by white citizens.

57. Section 1981 prohibits an employer from discriminating against an employee in the terms and conditions of his employment because of his race.

58. Defendant discriminated against Plaintiff because of his race by terminating his employment.

59. Defendant's discrimination against Plaintiff violates Section 1981.

60. Defendant's violation of 1981 was willful.

61. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of pay, loss of fringe benefits, loss of career opportunities, humiliation and embarrassment, mental anguish and emotional distress, and loss of professional reputation and loss of ordinary pleasures of everyday life, including the right to pursue the gainful occupation of choice.

## Count IV
## Retaliation – Section 1981

62. Plaintiff incorporates paragraphs 1 through 61 of the Amended Complaint as though fully set forth herein.

63. Section 1981 provides that every person in the United States has the same rights to make and enforce contracts, including a contract of employment, as is enjoyed by white citizens.

64. Section 1981 prohibits an employer from discriminating against an employee in the

terms and conditions of his employment because of his race.

65. Section 1981 prohibits an employer from retaliating against an employee because he complained about illegal discrimination in the workplace.

66. Defendant violated Section 1981 by discriminating against Plaintiff because of his race and by retaliating against Plaintiff for complaining about race discrimination.

67. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of pay, loss of fringe benefits, loss of career opportunities, humiliation and embarrassment, mental anguish and emotional distress, and loss of professional reputation and loss of ordinary pleasures of everyday life, including the right to pursue the gainful occupation of choice.

## Count VII
## Violation of Section 15(a) of the Illinois Biometric Privacy Act

68. Plaintiff incorporates paragraphs 1 through 40 of the Amended Complaint as though fully set forth herein.

69. BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention – and, importantly, deletion – policy.

70. Specifically, those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three years after the company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS 14/15(a).

71. Defendant failed to comply with these BIPA mandates.

72. Defendant is a company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

73. Plaintiff is an individual who had his "biometric identifiers" and/or "biometric

8

information" captured and/or collected by Defendant. *See* 740 ILCS 14/10.

74. Plaintiff's biometric identifiers were used to identify Plaintiff and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

75. Defendant failed to provide a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA. *See* 740 ILCS 14/15(a).

76. Upon information and belief, Defendant lacked retention schedules and guidelines for permanently destroying Plaintiff's biometric data and has not and will not destroy Plaintiff's biometric data when the initial purpose for collecting or obtaining such data has been satisfied or within three years of the individual's last interaction with the company.

77. Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff by requiring Defendant to comply with BIPA's requirements for the collection, capture, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## Count VIII
## Violation of Section 15(b) of the Illinois Biometric Privacy Act

78. Plaintiff incorporates paragraphs 1 through 40 and 68 through 77 of the Amended Complaint as though fully set forth herein.

79. BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject...in writing that a biometric identifier

or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; **and** (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b) (emphasis added).

80. Defendant failed to comply with these BIPA mandates.

81. Defendant is a company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

82. Plaintiff is an individual who has had his "biometric identifiers" and/or "biometric information" collected and/or captured by Defendant. *See* 740 ILCS 14/10.

83. Plaintiff's biometric identifiers were used to identify him and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

84. Defendant systematically and automatically collected, captured, used, and stored Plaintiff's biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3).

85. Defendant never informed Plaintiff in writing that his biometric identifiers and/or biometric information were being collected, captured, stored, and/or used, nor did Defendant inform Plaintiff in writing of the specific purpose(s) and length of term for which his biometric identifiers and/or biometric information were being collected, stored, used, and disseminated as required by 740 ILCS 14/15(b)(1)-(2).

86. By collecting, capturing, storing, and/or using Plaintiff's biometric identifiers and biometric information as described herein, Defendant violated Plaintiff's rights to privacy in his biometric identifiers and/or biometric information as set forth in BIPA. See 740 ILCS 14/1 *et seq.*

87. Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is

necessary to protect the interests of Plaintiff by requiring Defendant to comply with BIPA's requirements for the collection, captures, storage, use, and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

### **Request for Relief**

WHEREFORE, Plaintiff, LAMONTE R. YOUNG, SR., requests that this Honorable Court:

a. Declare that the aforementioned practices and actions of Defendant constitute unlawful practices in violation of Title VII, Section 1981, and BIPA;

b. Enter an order restoring Plaintiff to his rightful position at Defendant (i.e., reinstatement), or in lieu of reinstatement, an order for front pay and benefits;

c. Award Plaintiff damages for lost compensation and benefits in the form of backpay and front pay for a reasonable time in the future;

d. Award Plaintiff all damages sustained as a result of Defendant's conduct, including damages for emotional distress, humiliation, embarrassment, and anguish;

e. Award Plaintiff exemplary and punitive damages in an amount commensurate with Defendant's ability to pay and to deter future conduct;

f. Costs incurred herein, including reasonable attorneys' fees to the extent allowable by law;

g. Pre-judgment and post-judgment interest, as provided by law;

h. Award Plaintiff statutory damages pursuant to BIPA;

i. Award such other relief as this Court deems just and proper.

Dated: May 4, 2022					Respectfully submitted,

							LAMONTE R. YOUNG, SR.

							By: /s/ Katherine P. Decker
							*One of his attorneys*

J. Hayes Ryan (6274197)
Katherine P. Decker (6323799)
Gordon Rees Scully Mansukhani, LLP
One North Franklin, Suite 800
Chicago, IL 60606
Ph: 312 796-2970
Fax: 312-565-6511
hayesryan@grsm.com
kdecker@grsm.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| LAMONTE R. YOUNG, SR., | ) |
| | ) Case No.: 3:22-cv-229-JPG |
| Plaintiff, | ) |
| | ) Judge John Phil Gilbert |
| v. | ) |
| | ) |
| PROGRESSIVE TREATMENT SOLUTIONS, LLC, | ) |
| | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day, May 4, 2022, electronically filed the foregoing document, *Plaintiff's Amended Complaint*, with the Clerk of Court using the electronic filing system, which will automatically send email notification of such filing to all attorneys of record:

Yara Mroueh
Michael Wilder
Littler Mendelson, P.C.
321 N. Clark St., Ste. 1100
Chicago, IL 60654
MWilder@littler.com
YMroueg@littler.com
*Counsel for Defendant*

By: /s/ Katherine P. Decker
*One of the attorneys for Plaintiff*

13